UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br>DEON COATES,<br><br>                      Defendant. | CASE NO. 2:23-CR-00185-LK<br><br>ORDER CONTINUING TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

      This matter comes before the Court on a motion seeking a continuance of the trial date and pretrial motions deadline filed by Defendant Deon Coates' appointed counsel Nancy Tenney. Dkt. Nos. 24, 28. Counsel seeks to continue the trial date from June 17, 2024 to July 8, 2024. Dkt. No. 28. The Court held a hearing on the motion on June 4, 2024, where it heard from Mr. Coates, his counsel, and the Government. Dkt. No. 29. Neither the Government nor Mr. Coates oppose counsel's motion.[1]

---

[1] Mr. Coates opposed a continuance of his trial date at the time his attorney filed the instant motion, Dkt. No. 24 at 1; however, he stated at the June 4, 2024 hearing on the motion that he does not oppose continuing the trial date to July 8, 2024, and has since waived his speedy trial rights through July 8, 2024, Dkt. No. 30.

ORDER CONTINUING TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 1

Counsel requests a continuance of both the trial date and pretrial motions deadline for several reasons. First, counsel avers that on April 19, 2024, the Government provided counsel with "a redacted document suggesting Mr. Coates had some involvement in activity that is the subject of a pending federal prosecution in Montana." Dkt. No. 24 at 2. Counsel requested further discovery from the Government as to this investigation, but was informed by the Government on May 15, 2024 that "no further information would be forthcoming" because any such information was not in the custody or control of the U.S. Attorney's Office for the Western District of Washington. *Id.* Counsel also contends that because the Government indicated that Mr. Coates could be charged as a result of the Montana investigation, she "now needs to pursue other avenues to learn whether or not Mr. Coates is, in fact, connected to that case." *Id.*

Second, counsel asserts that the parties "are still awaiting the results of DNA testing of critical evidence," and that the Government "does not know when those results will be available." *Id.*

Third, counsel claims that although the Government informed her on April 23, 2024 "that it intends to seek a superseding indictment adding new charges against Mr. Coates," the Government indicated on May 15, 2024 that "it would delay seeking the superseding indictment to give Mr. Coates time to consider a new plea offer." *Id.* At the hearing, counsel averred that the Government no longer intends to bring a superseding indictment.

And last, counsel states that she is the lead attorney for Mr. Coates in this case and began another criminal trial on May 20, 2024 in this District. *Id.* Counsel further represents that while a second attorney also represents Mr. Coates, that attorney was only assigned to this case "for the purpose of trial" and has "not yet met Mr. Coates." *Id.*; *see also* Dkt. No. 21.

Pursuant to the Sixth Amendment of the U.S. Constitution and the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and based on the facts set forth in defense counsel's motion, the statements

ORDER CONTINUING TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 2

made during the hearing, and the record in this case, the Court finds that the ends of justice would best be served by granting the requested continuance of the trial date. The additional time requested is a reasonable period of delay and is necessary to ensure that the defense has adequate time to prepare effectively for trial. 18 U.S.C. § 3161(h)(7)(B)(iv). A failure to grant the continuance would deny the defense complete discovery and a reasonable time necessary for effective preparation for trial and other pretrial proceedings, especially in view of the defense's need to (1) determine whether Mr. Coates is connected with the pending federal prosecution in Montana, (2) receive and review pending results of DNA testing of critical evidence, and (3) engage in all the necessary preparations for trial. *Id.*; Dkt. No. 24 at 2–3. The Court finds that these ends outweigh the best interests of the public and Mr. Coates in any speedier trial. *See* 18 U.S.C. § 3161(h)(7)(A). As such, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons and the reasons explained during the June 4, 2024 hearing, the motion to continue the trial date and pretrial deadlines is GRANTED. Dkt. Nos. 24, 28. The trial date shall be continued from June 17, 2024 to July 8, 2024. The pretrial motions deadline shall also be continued to June 13, 2024.[2]

//

//

//

//

---

[2] Counsel filed the instant motion on May 16, 2024—one day after the May 15, 2024 pretrial motions deadline—but provided no explanation for the untimely filing. *See generally* Dkt. No. 24; *see also* Dkt. No. 23 at 1. Given the various moving pieces in this case, the Court exercises its discretion to excuse this oversight; however, the Court again cautions counsel that "[a]bsent good cause, a party who fails to meet the pretrial motions deadline waives pretrial objections." Fed. R. Crim. P. 12(b)(3), (c)(1), (c)(3); *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021)); *see also* Dkt. No. 20 at 3 n.1; Dkt. No. 23 at 1 n.1. The Court expects strict compliance with the Federal Rules of Criminal Procedure and Local Criminal Rules going forward.

It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 7th day of June, 2024.

*Lauren King*

Lauren King
United States District Judge